IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LINDA MITCHELL, PLAINTIFF,

VS. CIVIL ACTION NO. 2:09CV136-P-A

SOUTHLAND MANAGEMENT
CORPORATION, ET AL., DEFENDANTS.

## ORDER

This matter comes before the court upon the plaintiff's amended motion to remand [4] this matter to the Chancery Court of Coahoma County, Mississippi from whence it came. After due consideration of the motion and the response filed thereto, the court finds as follows, to-wit:

The plaintiff filed her Complaint in the Chancery Court of Coahoma County, Mississippi on May 28, 2009. The plaintiff alleges that she served the defendant on July 6, 2009. The defendant removed this action to federal court on August 7, 2009.

In her motion to remand, the plaintiff argues that removal was untimely because it was not done within 30 days of service – i.e., by August 5, 2009 rather than August 7, 2009 – pursuant to 28 U.S.C. §1446(b) (a removal notice "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]."). The defendant counters that the person who received the Summons and Complaint on July 6, 2009, Ms. Bond, was a receptionist for Southland Management and was not an officer, managing or general agent authorized to accept service. The defendant avers that it was not until July 17, 2009 that *proper* service was effectuated when James Cooper, Southland Management's registered agent for service of process, received process.

Federal Rule of Civil Procedure 4(e)(1) allows service by "following state law for serving

1

a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Mississippi Rule of Civil Procedure 4(d)(4) provides in pertinent part that service of process upon a corporation is made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process."

It is undisputed that Ms. Bond was not an officer, a managing or general agent or to any other agent authorized by appointment or by law to receive service of process. Therefore, proper service was not effectuated until July 17, 2009 when James Cooper, Southland Management's registered agent for service of process, received process. *See Hyde Const. Co. v. Elton Murphy-Walter Travis, Inc.*, 86 So.2d 455, 457-58 (Miss. 1956) (fact that the process was delivered to the authorized agent later the same afternoon by the unauthorized person who was served by the plaintiff made service ineffectual); *Lee v. Pineapple Management Services, Inc.*, 241 F.Supp.2d 690 (S.D. Miss. 2002) (thirty-day requirement for removal does not begin until proper, formal service is effectuated) (citing *Murphy Brothers, Inc. v. Marchetti Pipe Stringing, Inc.*, 526 U.S. 244 (1999)).

Accordingly, the court concludes that removal was timely.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The plaintiff's amended motion to remand [4] is **DENIED**; and

(2) The parties shall contact the U.S. Magistrate Judge within 10 business days of this Order to obtain a Scheduling Order.

**SO ORDERED** this the 23rd day of September, A.D., 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE